Magistrate Judge James P. Donohue

___ FILED  ___ ENTERED
___ LODGED ___ RECEIVED

AUG 28 2018

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>JOAQUIN DOMINGUEZ<br><br>Defendant. | NO. MJ18-398<br><br>COMPLAINT for VIOLATION<br>U.S.C. Title 8 Section 1326(a)<br>(Illegal Reentry After Deportation)<br><br>(Felony) |

BEFORE James P. Donohue, United States Magistrate Judge, United States Courthouse, 700 Stewart Street, Seattle, Washington.

## COUNT I

On or about March 18, 2018, at Des Moines, within the Western District of Washington, JOAQUIN DOMINGUEZ, an alien, a native and citizen of Mexico, who was previously arrested and removed from the United States on November 10, 2010, at Laredo, Texas, was found after knowingly and voluntarily reentering the United States without the express consent of the Secretary of the Department of Homeland Security.

All in violation of Title 8, United States Code, Section 1326(a).

The undersigned complainant being duly sworn states:

1.     I, Lance Hernandez, am a Deportation Officer in the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), assigned to the Office of Enforcement and Removal Operations (ERO) for the Seattle District Field Office in Tukwila, Washington. Part of my duties entail the location and apprehension of foreign nationals in the United States who are or have been engaged in criminal activity.

    The following information is based on my investigation, the investigation of other officers of ICE, the records of: (1) the United States Citizenship and Immigration Services (hereinafter CIS); (2) the State of Texas in the 371st District of Tarrant County, Fort Worth, Texas; (3) the United States District Court for the Northern District of Texas; (4) Tarrant County Criminal Court number 10 – Fort Worth, Texas; (5) the Federal Bureau of Investigation Criminal Justice Information Services Division.

2.     My investigation has revealed that CIS maintains an alien registration administrative file, commonly referred to as an A-file, A078 880 770, on JOAQUIN DOMINGUEZ. A-file 078 880 770 is the official Immigration file maintained by CIS, and is a consolidated repository of all known Immigration contacts with JOAQUIN DOMINGUEZ, hereinafter "defendant." The A-file of the defendant contains documents showing that he is a native and citizen of Mexico.

3.     The A-file of the defendant contains conviction documents from the United States District Court for the Northern District of Texas and the State of Texas in the 371st District of Tarrant County, Fort Worth, Texas. The immigration file of the defendant does not contain the document noted in subparagraph (d) but it is identified in the defendant's criminal record confirmed by a national criminal database. These records indicate that the defendant was convicted of the following offenses:

    a.     The State of Texas for the 371st District of Tarrant County, Fort Worth, Texas, case number 0981485D, of Possession of a Controlled Substance of one gram or more, but less than four grams, namely: Cocaine, in violation of 481.115(c) HSC, on June 19, 2006, sentenced to four years' probation and a $400.00 fine.

b. State of Texas for the 371st District of Tarrant County, Fort Worth, Texas, case number 0981485D, Probation violation of Possession of a Controlled Substance of one gran or more, but less than four grams, namely: Cocaine, in violation of 481.115(c) HSC, on September 4, 2009 probation revoked, judgement adjudicating guilt, terms of plea bargain 3 years with time credit, total of 9 days.

c. United States District Court for the Northern District of Texas, case number 4:13-CR-057-A (01), for Illegal Reentry After Deportation, in violation of 8 U.S.C. § 1326(a), on September 13, 2013, sentenced to 15 months.

d. County Criminal Court 10 Forth Worth, Texas, case number 1313109001, Driving While Intoxicated, in violation of Penal Code 49.04(d), on May 5, 2013, sentenced to 90 days jail.

4. Within the A-file of the defendant, there are two executed I-205, Warrant of Removal/Deportation documents. These documents reflect that the defendant was deported to Mexico on the following dates and at the following locations:

a. May 2, 2014, at Brownsville, Texas, and

b. November 10, 2010, at Laredo, Texas.

The I-205 forms bear the fingerprint, photo, and signature of the defendant. In each case, physical proof of the defendant's removal from the United States to Mexico was witnessed by an immigration officer.

5. On September 24, 2010, the defendant was processed for a Notice to Appear. On November 8, 2010, an immigration judge at Houston, Texas ordered the defendant deported from the United States to Mexico pursuant to the charges set forth in the Notice to Appear. The defendant was deported to Mexico on November 10, 2010. However, he later returned to the United States.

6. On March 18, 2018, the it came to the attention of ERO that Defendant was arrested for Assault in the Fourth Degree, Domestic Violence, and held at the South Correctional Entity (SCORE). Deportation Officer Miguel Miranda initiated system queries utilizing available law enforcement databases. It was determined the defendant

was a citizen and national of Mexico with two prior removals from the United States. The defendant was released from SCORE before a detainer could be lodged.

7. On August 1, 2018, Officers Miguel Miranda, Matt Nelson, Mel Kordus, and myself, were conducting surveillance at Apartment C305 at 1902 A Street SE, Auburn, Washington, 98198 attempting to locate the defendant. While conducting surveillance, Officer Miranda observed a male matching the defendant's description leave the above residence and enter the passenger side of a vehicle. As the vehicle was driven away, the officers conducted a vehicle stop within the parking lot of the apartment complex. Officer Miranda approached the passenger side of the vehicle, identified himself as an ICE officer and asked for the defendant's identification. The defendant stated, "I do not have one." Officer Miranda asked the defendant what his name was to which he stated, "Joaquin Dominguez." After verifying the passenger was the defendant, Officer Miranda instructed the defendant, to exit the vehicle. Upon exiting the vehicle, Officer Miranda told the defendant he had a warrant for the defendant's arrest. The defendant complied and was taken into custody without incident for administrative processing.

8. On August 1, 2018, Deportation Officer Miguel Miranda advised the defendant of his *Miranda* rights via a standard ICE Statement of Rights form at the Seattle Field Office. The defendant indicated on the form that he understood his rights, that he was waiving his rights, and that he was willing to answer Officer Miranda's questions. During questioning, the defendant stated the following:

    a. his true and correct name was JOAQUIN DOMINGUEZ;

    b. he was born in Chihuahua Mexico;

    c. he is a citizen of Mexico;

    d. he was deported from the United States in 2012, Texas;

    e. he illegally reentered the United States but does not remember when and where; and

    f. he never applied to a United States government official for permission to re-enter the United States after he was deported.

  The defendant was notified of his consular rights as prescribed by 8 C.F.R. 236.1 (e) and was served with a list of free legal services. The defendant declined consular notification.

  9. August 1, 2018, the defendant was fingerprinted at the Seattle Field Office. On August 17, 2018, ERO Officer Joshua Parker electronically submitted the defendant's fingerprints to the FBI via the Next Generation Identification (NGI) system. He submitted the defendant's fingerprints as a Search transaction, which is a request to an FBI fingerprint examiner to confirm a potential match between the defendant and other NGI individuals maintained in the FBI's Criminal Master File.

  On August 17, 2018, Officer Joshua Parker obtained confirmation from the FBI the fingerprints he submitted of the defendant were a match with FBI number 457150RC4. This is the same FBI number associated with the defendant's Immigration file, A078 880 770 and the convictions noted in paragraph 3 above.

  10. I have conducted a complete and thorough review of the defendant's Immigration A-file A078 880 770 which contains no evidence that he has ever applied for or received permission to reenter the United States after deportation.

//
//
//
//
//
//
//
//
//
//

11. Based on the foregoing, I have probable cause to believe that JOAQUIN DOMINGUEZ has reentered the United States knowingly and voluntarily without the express consent of the Secretary of the Department of Homeland Security, in violation of Title 8, United States Code, Section 1326(a).

Lance Hernandez, Complainant
ICE Deportation Officer

Reviewed by AUSA Don Reno

Based on the Complaint and Affidavit sworn to before me, and subscribed in my presence this August 28, 2018, the Court hereby finds that there is probable cause to believe the defendant committed the offense set forth in the Complaint.

James P. Donohue
United States Magistrate Judge