THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR18-0204-JCC |
| Plaintiff, | ORDER |
| v. | |
| JOAQUIN DOMINGUEZ, | |
| Defendant. | |

This matter comes before the Court on Defendant's request at sentencing for a variance in his total offense level and departure in his criminal history category (Dkt. No. 42). The Probation Department has calculated a total offense level of 11 and a criminal history category of III, which gives a guideline range of 18–24 months. (Dkt. No. 32.)[1] These calculations are heavily influenced by a felony conviction that Defendant received in Texas when he was 17. (*Id.*) In June 2005, Defendant was convicted of possession of a controlled substance for possessing approximately 1 gram of cocaine. (*Id.*) As a felony, that conviction results in a 4-level upward adjustment to Defendant's total offense level. USSG § 2L1.2(b)(2)(D). The conviction also adds three points to Defendant's criminal history category. USSG §§ 4A1.1(a), 4A1.2(k).

Defendant argues that his prior felony conviction is disproportionately punishing him at

---

[1] These calculations take into consideration this District's two-level "fast track" departure. USSG § 5K3.1.

ORDER
CR18-0204-JCC
PAGE - 1

sentencing. The Court agrees. Defendant was only 17-years-old at the time of his drug conviction—an age that in many states would not allowed him to have been prosecuted as an adult for simply possessing a controlled substance. In addition, Defendant possessed only a minimal amount of drugs—an amount that in other jurisdictions would not have sustained a felony conviction. Not only did Defendant end up doing significant jail time for that felony conviction, but he also lost his ability to remain in the United States.

For those reasons, the Court concludes that Defendant's prior felony conviction results in an unfair and disproportionate increase in his total offense level and criminal history category. Therefore, the Court GRANTS a variance of Defendant's total offense level from 11 to 8, and a downward departure of Defendant's criminal history points from 8 to 5. This gives a guidelines range of 6 to 12 months.

DATED this 21 day of May 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE